MARY E. HODGES and another

*vs.*

AMBROSE F. HEAL and another.

Waldo. Opinion March 10, 1888.

*Deed. Consideration. Evidence. Trespass.*

It is admissible for a grantee in a deed of an undivided half of a parcel of land, to show by oral evidence that it was agreed between him and the grantor at the delivery of the deed, that the sum paid as a consideration for the conveyance, should also be in full satisfaction of trespasses previously committed by him upon the land.

Any one of several owners in common of land may collect or release a claim for damages arising out of trespasses upon the common property.

ON exceptions.

Trespass for breaking and entering plaintiffs' close and cutting and hauling therefrom two hundred cords of wood. The questions raised by the exceptions are stated in the opinion.

*W. P. Thompson and R. F. Dunton*, for plaintiffs.

The paper given by the defendants contains the only arrangement or understanding entered into between the parties. Its meaning is to be ascertained from its terms. It is upon its face intelligible, unambiguous, reasonable and complete. *Sylvester* v. *Staples*, 44 Maine, 496; *Wilson* v. *Hanson*, 12 Maine, 58; *Farley* v. *Bryant*, 32 Maine, 474; *Hilton* v. *Homans*, 23 Maine, 136.

Whatever may have been the previous conversations or understandings of the parties, if they finally proceeded to put their agreement deliberately and fairly into writing, that is conclusive not only upon them, but also, there being no fraud, upon third persons. *McLellan* v. *Cumberland Bank*, 24 Maine, 566; *Palmer* v. *Fogg*, 35 Maine, 368; *Wilson* v. *Hanson*, 12 Maine, 58; *Bell* v. *Woodman*, 60 Maine, 465.

Testimony is not admissible tending to change, alter, or vary a written contract, signed by the plaintiff and produced by the defendant, though it be not the foundation of the action. *Boody* v. *Goddard*, 57 Maine, 602 ; *Sawyer* v. *Hammatt*, 12 Maine, 391.

The written contract between these parties is in the form of a receipt only so far as acknowledging the amount paid to the defendants and so far as it is evidence of a contract between the parties it stands on the footing of all other contracts in writing, and cannot be contradicted or varied by parol evidence. Greenl. on Ev. Vol. 1, § 305 ; *Stackpole* v. *Arnold*, 11 Mass. 27 ; *Tucker* v. *Maxwell*, *Id.* 143 ; *Johnson* v. *Johnson*, *Id.* 359 ; *Wilkinson* v. *Scott*, 17 Mass. 257 ; *Brooks* v. *White*, 2 Met. 283 ; *Barrett* v. *Rogers*, 7 Mass. 297.

At common law in an action for trespass on land owned by several, all the co-tenants must be named in the writ. Waterman's Trespass, Vol. II, § 941 ; *Rice* v. *Hollenbeck*, 19 Barb. 664 ; *May* v. *Slade*, 24 Texas, 205.

This rule has been changed by § 18, c. 95, R. S. of Maine, in which it is provided that, " All or any of the tenants in common, co-partners or joint tenants of land may join or sever in personal actions for injuries done thereto."

" The court shall enter judgment for the whole amount of the injury proved, but shall award execution only for the proportion thereof sustained by the plaintiffs." R. S., c. 95, § 19.

The interests of the plaintiffs are not joint, for by the statute each can recover only for his proportion of the damages sustained, and a settlement by George W. Heal with the defendants would not affect Mrs. Hodges' right to recover. *Wilson* v. *Gamble*, 9 N. H. 74 ; *Hobbs* v. *Hatch*, 48 Maine, 55 ; *Longfellow* v. *Quimby*, 29 Maine, 196 ; Waterman's Trespass, Vol. 2, § 492.

It will be seen that in the case at bar judgment should have been awarded for the full amount of damage proved, when Mary E. Hodges could have obtained execution, by which to enforce her judgment, only for her proportion of the damages proved. If George W. Heal had already been paid he could not

obtain execution. In any event the plaintiffs had a right to amend by striking out the name of George W. Heal. R. S., c. 82, § 11; *Stinson* v. *Fernald*, 77 Maine, 576.

*William H. Fogler*, for the defendants, cited: *Bradstreet* v. *Rich*, 72 Maine, 237: *Willis* v. *Hulbert*, 117 Mass. 151; 1 Greenl. Ev. § 285; *Tyler* v. *Carlton*, 7 Maine, 177; *Nickerson* v. *Saunders*, 36 Maine, 413; *Brown* v. *Lunt*, 37 Maine, 434; *Dearborn* v. *Morse*, 59 Maine, 210; *Egan* v. *Bowker*, 5 Allen, 451; *Fairfield* v. *Oldtown*, 73 Maine, 575.

PETERS, C. J. The case, unencumbered by immaterial statement, comes to this : The defendants, having committed a trespass upon the woodland of the plaintiffs, tenants in common, purchased the interest of one of the plaintiffs in the land, giving, according to a receipt, three hundred and seventy-five dollars therefor. Now, are the defendants permitted to show that the consideration of the receipt, the three hundred and seventy-five dollars, not only paid for the interest in the land, but by contemporaneous verbal agreement also settled the trespass previously committed by the defendants upon the land.

The question touches very closely the principle which prohibits the reception of oral evidence to change the effect of a written contract. Still, we think the evidence offered was admissible on the theory, advanced in the case of *Farrar* v. *Smith*, 64 Maine, 74, that it affects merely the amount of consideration paid, and not the substance of the contract. It allows evidence to show that the real consideration paid for the land was less than stated, and that the whole sum was really paid for the land and something besides. In the case cited the consideration ·in the deed was paid for the farm and something in addition not named in the deed. A consideration may be proved to be either more or less than the sum stated in a deed or other written contract. The principal contract is not varied, but is made to be the groundwork or consideration of another contract. It is not unlike the case of a lumberman buying land, inclusive of the timber already cut down upon it by him, or of a tenant buying a house in which he lives, inclusive of rent for past occupation,

the deed in either case not mentioning that the consideration was paid for anything but the land. In such cases, it only affects the amount of the consideration, to be permitted to prove by oral evidence that the indebtedness for stumpage or occupation was also settled in the principal transaction.

The plaintiffs contend that, being tenants in common, the interest of the two in the lumber cut by the trespass, could not be settled or released by one. That is incorrect. Either could collect or release the claim. Though their estates are several, the damages are one, so to speak, are common to both estates and belong to them jointly. *Bradley* v. *Boynton*, 22 Maine, 287; *Kimball* v. *Sumner*, 62 Maine, 305, 310.

*Exceptions overruled.*

WALTON, DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.